UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

TOM GILES et al.,

    Defendants.

Case No. C07-5572RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**

**September 19, 2008**

This Bivens action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff alleges his placement in administrative segregation for an incident that occurred on August 27, 2007, was retaliation for his bringing prior law suits and grievances against officials at the Northwest Detention Center. Plaintiff also claims his placement in segregation violated his right to free speech, and constituted "double jeopardy." Plaintiff claims a disciplinary hearing held after he was placed in segregation denied him due process and that the sanction imposed was excessive. Plaintiff alleges the conditions of confinement in segregation were unconstitutional. Plaintiff filed a Habeas Corpus petition regarding his placement in administrative segregation and his disciplinary hearing. The petition was summarily dismissed. The petition was filed pursuant to 28 U.S.C. § 2241. See, Marks v Clark,07-CV-5498RJB.

The plaintiff originally named as defendants, three federal employees, and several officials who

REPORT AND RECOMMENDATION
Page - 1

work for the corporation that runs the facility. Plaintiff has entered into a stipulated settlement with the corporation and all officials working for the corporation (Dkt. # 11 and 12). The only remaining defendants are the three federal employees, Tom Giles, Jack Bennett, and "SDO" Ruxhall. These employees filed a motion to dismiss (Dkt # 14). Plaintiff responded (Dkt. # 15). The motion to dismiss contained attached documents which were outside the pleadings (Dkt. # 14). The court converted the motion to dismiss to a motion for summary judgment and provided time for additional briefing (Dkt. # 16).

Defendants submitted additional briefing and declarations (Dkt # 18 and 19). Plaintiff submitted additional briefing and asked the court to take "judicial notice" of grievances filed by him (Dkt. # 21 and 22). The court declined to accept the grievances as proof of the matters asserted, however, the documents are in the record and may be cited by either party (Dkt # 25).

## FACTS

On August 27, 2007, Defendant Tomas Giles, a federal officer, was interviewing Mr. Marks regarding a grievance Mr. Marks had filed. It is uncontested that Mr. Marks raised his voice, swore at Mr. Giles, and was disruptive during the interview (Dkt. # 14, Exhibits, Incident report 07-454). Mr. Giles states in the incident report that Mr. Marks activity "escalated other detainees in the living unit and I was unable to assist other detainees since the best course of action was to exit the unit and let RUDDER de-escalate."[1]

GEO employees removed Mr. Marks from a general population unit and moved him to administrative segregation. Mr. Marks was charged with several violations of the rules and given notice of those charges on August 28, 2007. A hearing was held on August 29, 2007. A three-person panel, consisting of two GEO corporation employees and defendant Ruxhall, a federal officer, found plaintiff had violated four serious rules. The panel recommended a 66-day disciplinary segregation be imposed (Dkt. # 14, Exhibits, Institution Disciplinary Panel Report). On August 30, 2007, the superintendent of the facility, who is no longer a defendant in this action, adopted the recommendation of the panel and imposed the 66-day sentence. Mr. Marks alleges the most severe sanction available was a 60-day segregation.

Mr. Marks alleges that in the segregation unit he was housed with mentally ill persons who made

---

[1] Mr. Marks legally changes his name from Rudder to Marks. The detainee file is under the original name and federal officials and corporation employees refer to Mr. Marks as Mr. Rudder.

1 the conditions of confinement unconstitutional because of the noise they created. Mr. Marks alleges the
2 mentally ill persons made the conditions in the unit unsanitary by the flooding of toilets and smearing of
3 fecal matter in cells and on air vents (Dkt # 4). Mr. Marks alleges the feces is left on walls and vents until
4 it dries and flakes off, putting specks of fecal matter in the air and on his food (Dkt. # 15, page 7).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

1. Free Speech.

Plaintiff argues the profanity he directed toward Mr. Giles on August 27, 2007, during his interview regarding his grievance, is speech protected by the First Amendment. Plaintiff is in error. The inside of a detention center, like inside of a prison, is not a public forum. Jones v North Carolina Prisoners Union, 433 U.S. 119 (1977). The grievance filed by Mr. Marks is clearly protected speech. The grievance itself is an attempt to gain redress from the government. Mr. Marks interview inside the facility, and his improper conduct are separate matters. Mr. Marks argues he had no obligation to speak with Mr. Giles "But during the discussion, as a private citizen, the Plaintiff had a right to utilize the language that he saw fit where the language established the terms the plaintiff sought to establish." (Dkt. # 15, page 3). The court finds Mr. Marks argument on this issue unpersuasive in light of the security concerns in any institution where persons are held against their will. This claim is frivolous. Defendants are entitled to summary judgment on this issue.

2. Double Jeopardy.

Mr. Marks argues the rule violation charges brought against him violate his Fifth Amendment rights regarding Double Jeopardy (Dkt. # 14). The Double Jeopardy Clause of the Fifth Amendment prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). However, an offender may be charged, convicted and sentenced for multiple offenses arising out of the same transaction without violating the Double Jeopardy Clause. Garrett v. United States, 471 U.S. 773, 779 (1985). Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932).

Assuming the concept of Double Jeopardy applies in a non criminal setting, the court concludes Mr. Marks rights were not violated by the charges or findings of guilt in this case. Mr. Marks was charged with a number of violations which applied to his conduct. He pled guilty to two separate rules violations, rule 404 and a 308 (Dkt. # 14, exhibits Disciplinary Segregation Order). Rule 404 is insolence toward staff, rule 308 is use of obscene language. (Dkt. # 14, exhibits Disciplinary Segregation Order). The uncontested

actions of Mr. Marks, violates both rules. Use of obscene language need not be toward staff. Insolence toward staff is clearly conduct directed toward a staff person. The two violations in this case do not violate Double Jeopardy as one requires proof the conduct was directed to staff and one does not.

Mr. Marks was also found guilty of violating Rules 398 regarding interfering with a staff member in the performance of his duties, and Rule 299 conduct that disrupts or interferes with the security or orderly operation of the facility. Each charge is separate and contains elements the others do not. Plaintiff's Double Jeopardy rights, if such right exists in a non criminal context, were not violated. Defendants are entitled to summary judgment on this issue.

3. <u>Due process at the disciplinary hearing</u>.

The Court considered this claim in the context of the habeas corpus action Mr. Marks filed. <u>Marks v Clark</u>, 07-CV-5498RJB. The Court adopted a Report and Recommendation which stated Mr. Marks had no liberty interest in the hearing because no loss of good time was at stake. The Report and Recommendation stated:

> There is not a liberty interest in avoiding segregation per se. <u>Smith v Noonan</u>, 992 F.2d 987 (9th Cir. 1993). Further, the liberty interest protecting the disciplinary hearing process applies to inmates who face loss of good time. A prisoner has no federal or state protected liberty interest in due process when the sanction imposed as a result of a disciplinary proceeding neither extends the length of the sentence nor is atypical and significant in relation to the ordinary incidents of prison life. <u>See</u>. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

(<u>Marks v Clark</u>, 07-CV-5498RJB, Dkt. # 7, page 2). Mr. Marks argument regarding due process at the disciplinary hearing is without merit. Defendants are entitled to summary judgment on this issue.

4. <u>Excessive punishment</u>.

Mr. Marks argues 66 days in segregation is excessive punishment for the violations he committed. This argument is without merit. The court is aware of no cases limiting the amount of time a person spends in segregation for any specific rule violation. Further, the panel or disciplinary authority has the ability to consider the manner in which the offense was committed, the effect the specific facts of an offense may have had on security, or other extenuating circumstances. There were four separate findings of guilt. The court concludes this issue is without merit. Defendants are entitled to summary judgment on this issue.

5. <u>Retaliation</u>.

To establish a retaliation claim, an incarcerated person must show that he or she was retaliated against for exercising constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The incarcerated person has the burden of showing that retaliation was the substantial or motivating factor behind the conduct of the prison official and that the alleged retaliatory acts did not advance the legitimate goals of the institution or were not narrowly tailored to achieve such goals. Mt. Health City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir. 1989), cert. denied 494 U.S. 1028 (1990).

Plaintiff fails to meet this burden. Plaintiff admits to his improper conduct of using offensive language and insolence toward staff. Further, plaintiff was found guilty of interfering with a staff member in the course of his duties and conduct that interferes with the orderly operation of the facility. The steps taken, send him to administrative segregation and infracting him for his conduct furthered legitimate penological goals in preserving institutional order and discipline. Defendants are entitled to summary judgment on this issue.

      6.      <u>Conditions of confinement</u>.

Mr. Marks alleges the conditions of confinement were unconstitutional because mentally ill detainees were housed in the same unit. He alleges these mentally ill detainees made excessive noise and made the conditions unsanitary by smearing feces and flooding toilets.

The Due Process Clause protects deportation detainees in the same manner as it protects pretrial detainees. The Due Process Clause prohibits the State from punishing them. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Courts often employ the less protective Eighth Amendment standards in determining whether conditions of confinement of pretrial detainees are unconstitutional. See Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). To establish a violation of the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain, Whitley v. Albers, 475 U.S. 312, 319 (1986); or the conduct must deprive the detainee of the minimal civilized measure of life's necessities, Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A viable Eighth Amendment claim has an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The

objective component requires that the pain be serious, see Hudson v. McMillian, 503 U.S. 1, 8-9 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). The prison official will be liable only if the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. Farmer v. Brennan, 511 U.S. 837.

Defendants argue plaintiff has failed to prove the conditions are objectively serious enough to rise to the level of an Eighth Amendment violation (Dkt # 18). The conditions Mr. Marks alleges are horrendous. He alleges other detainees smeared fecal mater on air vents and that not only the smell, but also died flecks of fecal matter permeated the unit getting into his food and throat (Dkt # 4, Dkt. # 21, page 4, paragraph t). Further, plaintiff complains of other detainees flooding their cells so that toilet water and fecal matter entered his cell (Dkt. # 21 page 6, paragraph ss). Plaintiff has alleged a lack of sanitation that impacts food quality, and denies a person basic sanitation (Dkt. # 21 paragraphs ss, kkk, mmm, sss). Further, plaintiff alleges defendant Giles was aware of the problem and Mr. Giles entered the unit often (Dkt # 21). Plaintiff alleges he sent more than two hundred kites regarding issues while he was housed in segregation and that he was limited from filing grievances.

Plaintiff alleges he lost 19 pounds while in segregation. The medical record submitted by defendants supports a weight loss of about 9 pounds and indicates he was encouraged to continue losing weight (Dkt. # 21, page 5, paragraph dd, Dkt. # 24, attached medical records).

There are questions, at this point in time, that preclude summary judgment. These questions are: what were the conditions of confinement in the segregation unit from August 27, 2007, to October 31, 2007? Did the defendants know of the conditions? Did the defendants consider these conditions serious? The plaintiff has stated a claim and plaintiff's pleadings survive this initial motion for summary judgment[2].

---

[2] The parties have not yet conducted any discovery in this action. Discovery should proceed on this claim only. Discovery should be aimed at evidence showing what the conditions of confinement where, whether the named defendants were aware of the conditions, and if the defendants considered the conditions serious.

REPORT AND RECOMMENDATION
Page - 7

## CONCLUSION

The only claim, which survives this initial motion to dismiss, is the claim that the conditions of confinement Mr. Marks was exposed to in segregation in August, September, and October of 2007, were unconstitutional. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 19, 2007**, as noted in the caption.

DATED this 25 day of August, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge