UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

TOM GILES, SDO RUXHALL, and JACK BENNETT,

    Defendants.

Case No. C07-5572RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U. S. Magistrate Judge J. Kelley Arnold. Dkt. 26. The Court has considered the Report and Recommendation, objections to the Report and Recommendation, and the record.

## I. FACTS

Plaintiff filed this 42 U.S.C. 1983/Bivens action on October 17, 2007. Dkt. 1. Plaintiff is incarcerated at the Northwest Detention Center ("NDC") and is going through the process of being deported. *Id*. Plaintiff named employees of GEO, a contractor at the NDC, and federal employees as defendants. *Id*. Defendants Alisha Singleton, Charles McBurney, and George Wigen (employees of GEO) were dismissed by stipulation on January 9, 2008. Dkt. 12. The remaining Defendants are federal employees Tom Giles, SDO Ruxhall, and Jack Bennett.

The Report and Recommendation reviews the facts leading up to this case, and so, shall not be repeated here. The Report and Recommendation recommends that all claims be summarily dismissed except Plaintiff's claim for unconstitutional conditions of confinement. *Id.* Plaintiff filed objections to the Report and Recommendation. Dkt. 27. He argues that his use of profanity was constitutionally protected speech. *Id.* He argues that being charged with four separate offenses based on one incident was a violation of his double jeopardy rights. *Id.* Plaintiff contends that his Due Process rights were violated at the hearing because he was not given an opportunity to confront witnesses. *Id.,* at 15. Plaintiff contends that he was given excessive punishment for his offense. *Id.* He argues that as a result of his behavior, Defendants retaliated against him. *Id.*

The Report and Recommendation (Dkt. 52) should be adopted. Plaintiff has failed to carry his burden under Fed. R. Civ. P. 56 to avoid the summary dismissal, with prejudice, of his claims for a violation of his free speech rights, double jeopardy rights, excessive punishment rights and claim for retaliation. The Report and Recommendation should be adopted as to Plaintiff's Due Process claim, and the case may proceed on that claim.

## II. DISCUSSION

### A. FREE SPEECH CLAIM

Plaintiff's argument, that his use of profanity while in a conflict with a staff member at NDC was protected speech, and that punishment for his use of profanity was a violation of his First Amendment rights, is without merit. "[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system." *Shaw v. Murphy,* 532 U.S. 223, 229 (2001) (*citing Pell v. Procunier,* 417 U.S. 817, 822 (1974)). Plaintiff claims that,

> Plaintiff had a right to say "you don't know what the fuck you're [sic] talking about." Only white people are so controlled in their speech, and not all of them. The Magistrate failed to recognize the fact that the Plaintiff is a Black individual who lives in a Black world where profanity is used 100% of the time and is the usual rather than the unusual. The magistrate was wrong to impose his puritan views upon the Plaintiff.

Dkt. 27, at 8. Despite his assertions, Plaintiff has not shown that his use of profanity in the dorm room while standing under the TV at the NDC was protected speech.

Even assuming that it was protected speech, "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987). Under *Turner*, four factors are to be balanced in determining whether a prison regulation is reasonably related to legitimate penological interests:

> (1) Whether there is a valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it; (2) Whether there are alternative means of exercising the right that remain open to prison inmates; (3) Whether accommodation of the asserted constitutional right will impact guards and other inmates, and on the allocation of prison resources generally; and (4) Whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives.

*Shakur v. Schriro,* 514 F.3d 878, 884 (9th Cir. 2008)(*internal citations omitted*).

As to the first factor, there is a valid, rational connection between restricting the use of profanity and the asserted governmental interest - security at the NDC. In his own pleading, Plaintiff acknowledges that the "Defendants have an interest in the orderly operation of the center." Dkt. 27, at 11. He provides no rational basis to conclude that limiting the use of profanity is not connected to the orderly operation of the NDC. Defendants state that in an effort to de-escalate the situation, Officer Giles had to exit the unit to allow Plaintiff and other detainees to calm down. Dkt. 14-2, at 1. A sufficient showing has been made as to the first factor. As to the second factor, whether there are alternative means of exercising the right that remain open to inmates, here, the regulation merely restricts the use of profanity. There is no indication that other less volatile terms of personal expression are so limited. Turning to the third factor, accommodation of Plaintiff's asserted constitutional right would impermissibly impact guards and other inmates. Lastly, there appears to be an absence of ready alternatives. The challenged regulation here is reasonably related to legitimate penological interests. Plaintiff's First Amendment claim should be dismissed.

### B. DOUBLE JEOPARDY CLAIM

Plaintiff also fails to point to any evidence or authority to conclude that his double jeopardy rights were violated. He simply repeats his earlier arguments, which are without merit. This claim should be dismissed.

### C. PROCEDURAL DUE PROCESS

To the extent Plaintiff now makes a Procedural Due Process claim, Plaintiff disputes the Report and Recommendation's finding that his claim is barred because he raised the same claim in his habeas corpus

petition. There his claim was dismissed because it did not challenge the fact or duration of his confinement. *Marks v. Clark,* 07-CV-5498RJB. Plaintiff now brings his claim pursuant section 1983. In the interest of fairness, the Court has considered this claim, and holds that it should be dismissed.

As a person detained for deportation, Plaintiff's due process rights are treated as the equivalent of a pretrial detainee's rights. *See Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000). "Pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Mitchell v. Dupnik,* 75 F.3d 517, 524 (9th Cir. 1996). "The elements of due process in a prison disciplinary hearing have long been established by *Wolff v. McDonnell,* 418 U.S. 539, 94 (1974). *Id.,* at 525. "*Wolff* requires that jail authorities allow an inmate who faces disciplinary proceedings and whose liberty interest is threatened to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns." *Id.*

Plaintiff here alleges that he was permitted to call witnesses, but that he was not able to confront them. Dkt. 27, at 15. Plaintiff fails to cite any authority that his due process rights require that he be able to confront witnesses at a disciplinary hearing. In fact, the Supreme Court noted that, an entirely different balancing of concerns applies to confrontation and cross-examination of those witnesses: greater likelihood of hostility and resentment between the accused and the witness, which would erode discipline and threaten corrective aims; lengthening of the proceedings; and a lesser due process interest for the inmate in confronting these witnesses than in calling his own to provide exculpatory evidence. *Baxter v. Palmigiano,* 425 U.S. 308, 322 (1976). Accordingly, Due process does not require Plaintiff be able confront witnesses at disciplinary hearings. *Id.* Plaintiff also argues that he should have been given a copy of the investigation report that the GEO Defendants prepared. Plaintiff fails to cite any authority for his contention that he would be entitled under the Due Process to a copy of the institution's investigative report. Moreover, Plaintiff does not deny that he had notice of the hearing and an opportunity to be heard. He, in fact, plead guilty to two of the violations charged. Dkt. 14-2, at 4.

Additionally, to the extent that Plaintiff makes his procedural due process claim against Defendants Giles and Bennett, he has failed to show that they personally participated in the hearing. "A person deprives another of a constitutional right, where that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which that person is legally required to do that causes

the deprivation of which complaint is made." *Hydrick v. Hunter,* 500 F.3d 978, 988 (9th Cir. 2007) (*citing Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* Plaintiff's procedural due process claim against Defendants Giles and Bennett should be dismissed for failure to allege personal participation.

### D. EXCESSIVE PUNISHMENT CLAIM

As to his claim for excessive punishment, he reasserts that 66 days in segregation is too long for the event which occurred. Dkt. 27. Plaintiff's arguments are again without merit. Additionally, Plaintiff has failed to show that Defendants Giles and Bennett personally participated in the decision to send him to segregation. Plaintiff's excessive punishment claim should be dismissed.

### E. RETALIATION

Plaintiff has failed to carry his burden as to his retaliation claim. He only repeats his prior arguments. His claim should be dismissed.

### F. CONCLUSION

The Report and Recommendation should be adopted, and Plaintiff's free speech, double jeopardy, procedural due process, excessive punishment and retaliation claims should be dismissed. The Report and Recommendation recommends allowing the matter to proceed on Plaintiff's claim regarding the conditions of the segregation unit. The case should be re-referred to Judge Arnold for further proceedings. The denial of the summary judgment motion on the conditions of confinement claim should be without prejudice pending further discovery.

### III. ORDER

Accordingly, it is hereby **ORDERED**:

- The Report and Recommendation (Dkt. 26) is **ADOPTED**;
- Plaintiff's free speech, double jeopardy, procedural due process, excessive punishment and retaliation claims **ARE DISMISSED**;
- The case is **RE-REFERRED** to Judge Arnold; and
- The Clerk is directed to send copies of this Order to Plaintiff, all counsel of record, and to the Hon.

J. Kelley Arnold.

DATED this 24th day of September, 2008.

*Robert J Bryan*
Robert J Bryan
United States District Judge

ORDER
Page - 6