UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

                Plaintiff,

  v.

TOM GILES, *et al*.

                Defendants.

No. 07-5572RJB/JRC

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ADDITIONAL RESPONSES TO DISCOVERY

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the Court is Plaintiff's Motion to Compel Discovery (Dkt. # 41). Defendants have responded (Dkt # 43). The time for filing a reply has passed and this matter is ripe for consideration.

<u>BACKGROUND INFORMATION</u>

      Mr. Marks was housed in a segregation unit for sixty-six days, from August 27, 2007 until October 18, 2007, for a number of rule violations. The sole remaining issue in this action is

ORDER - 1

plaintiff's contention that he was housed with twelve mentally ill persons who made the conditions of confinement unconstitutional because of their conduct (Dkt. # 4, first amended complaint, page 1).

The conduct at issue includes flooding cells by plugging the toilet or sink. This forced officials running the facility to shut off the water to those cells except for certain times when the water would be turned on so the toilet could be flushed and the detainee in the cell could get a drink. Plaintiff contends the stink from fecal matter was intolerable. Plaintiff contends some of the other detainees would smear fecal matter on the air vents or walls of their cell, or use their hands to fish in the toilet. Plaintiff also complains of the noise created by other detainees banging on cell doors or yelling during the night.

Plaintiff submitted a number of requests for production to the remaining defendants. The remaining defendants are all federal employees who supervise the contract between the facility and the government.

## DISCUSSION

A trial court has broad discretion regarding pre trial matters such as discovery. U.S. v. Kitsap Physicians Service, 314 F.3d 995 (9th Cir. 2002). The standard of review for any decision made by the trial court is abuse of discretion. Id.

    A.    Log book entries

Plaintiff has received hundreds of pages of information including redacted log books for each day he was in segregation (Dkt. # 41, attached material). The log books contain chronological entries using a 24-hour time clock. When no specific event triggers an entry, entries noting health and safety checks are made approximately every fifteen minutes (Dkt. # 41, attached pages). The pages provided by plaintiff have jumps in dates and time indicating

ORDER - 2

someone may have rearranged the log book, or rearranged the exhibit that was sent to this Court (Dkt. # 41, attachment).

Plaintiff contends there are six places where certain pages of the log book were not provided. Plaintiff contends information is missing between pages 79 and 80, (this would be 9/13/2007 at approximately 1359 hours). The court has examined this entry and there is no skip in time indicating information might be missing.

The next place where plaintiff contends information is missing is between pages 107 and 108 (this would be 9/20/2007). The time skips from 0830 to entries around 1400. Thus, approximately six hours are missing. Plaintiff's motion to compel the production of these missing pages of properly redacted[1] log information is GRANTED.

Plaintiff contends information is missing between pages 110 and 111, (this would be 9/28/2007). The time skips from 0515 to 1100, again, approximately six hours are missing. Plaintiff's motion to compel the production of these missing pages of properly redacted log information pages is GRANTED.

The next alleged gap is between page 119 and 120, (this would be 9/30/2007). The last entry on page 119 is at 1000 and is a tier check. The next entry picks up one hour later at 1100, in mid sentence "Started stuffing his pants with items from his toilet. He had what appears to be fetus[sic] in his mouth." The court assumes the writer meant "feces in his mouth." This entry is the first time the court notes an entry concerning a detainee spreading or abusing fecal matter. The entry is important to plaintiff's case. The defendants are ordered to provide any missing pages between the 1000 entry and the 1100 entry. Thus, Plaintiff's motion to compel the production of these missing pages of properly redacted log information is GRANTED.

---

[1] Defendants have been properly removing identifiers and medical information regarding other residents.

ORDER - 3

Plaintiff contends information is missing between pages 155 and 156. (This would be 10/8/2007). The time jumps from 0651 to 0840. It appears there is a missing page. Plaintiff's motion to compel the production of this missing page of properly redacted log information is GRANTED.

The final alleged gap is between pages 186 and 187 (This would be 10/7/2007 (this is one of the places where the dates do not run chronologically in the exhibit)). At the bottom of page 186 a detainee is sharpening a bowl on the wall of his cell. A "Phase I" team is called into the unit and removes the detainee, placing him in another cell. The Phase I team the leaves the unit. The last line on the page refers to the Phase I team returning to the unit. The next entry then jumps from 1322 to 1651 on page 187. Plaintiff's motion to compel the production of these missing pages of properly redacted log information is GRANTED.

Defendants will have thirty days from entry of this order to provide the redacted log pages to plaintiff.

B.  Other requests for production.

Local Rule 37 requires the plaintiff to set forth verbatim the contents of his requests and the answers he received. Plaintiff set forth the content of one request and the answer he received, (Dkt # 41). The defendants have set forth all the requests and answers (Dkt. # 43). The requests for production that are the subject of this motion, and objections to those requests are set forth below:

Request for production number 6.

> A complete copy of any, every, and all Reports written by any SMU Staff, any ICE Staff, regarding any incident at SMU during the times of August 24, 2007 through October 24, 2007.
>
> Answer: Objection. The documents requested contain privileged and confidential information that pertain to immigration detainees

ORDER - 4

who are not parties to this lawsuit. Such information may include medical and psychiatric information of third parties. Such information may also contain information relevant to the security of the Northwest Detention Center, and its disclosure could compromise the integrity of the security of the facility. In response to Plaintiff's request that the documents be disclosed with redactions, the United States has reexamined these reports. They cannot be released with redactions. The reports contain extremely sensitive and privileged information relating both to other detainees as well as to the operations and security of the facility. More importantly, the reports are not relevant to Plaintiff's claims. They do not pertain to Plaintiff in any manner.

(Dkt. # 41, page 2).

10. A complete copy of every IMS Report written by any employee where the IMS was located in SMU during the period August 24, 2007 through October 24, 2007.

Answer: See Objection and Response to Request for Production No. 6 above.

11. A copy of every I-888 prepared by any SMU Staff or ICE Staff for any person housed at SMU during the time of August 24, 2007 through October 24, 2007.

**Answer:** Objection. The documents requested contain privileged and confidential information that pertain to immigration detainees who are not parties to this lawsuit. Such information may include medical and psychiatric information of third parties. Such information may also contain information relevant to the security of the Northwest Detention Center, and its disclosure could compromise the integrity of the security of the facility. The documents requested are not relevant in that they pertain to incidents that occurred prior to, and form the basis of, the detainees' time in segregation. The document[sic] do not pertain to the detainees' time in segregation or the conditions of confinement. **Without waiving this objection, attached are copies of the Administrative Forms pertaining to Plaintiff.**

12. A copy of every I-885 prepared by any SMU Staff of ICE Staff for any person housed at SMU during the time of August 28, 2007 through October 24, 2007.

**Answer:** Objection. The documents requested contain privileged and confidential information that pertain to immigration detainees

ORDER - 5

who are not parties to this lawsuit. Such information may include medical and psychiatric information of third parties. Such information may also contain information relevant to the security of the Northwest Detention Center, and its disclosure could compromise the integrity of the security of the facility. The documents requested are not relevant in that they pertain to incidents that occurred prior to, and form the basis of, the detainees' time in segregation. The document[sic] do not pertain to the detainees' time in segregation or the conditions of confinement. **Without waiving this objection, attached are copies of the Administrative Forms pertaining to Plaintiff.**

13. A copy of every I-883 prepared by any SMU Staff of ICE Staff for any person housed at SMU during the time of August 28, 2007 through October 24, 2007.

**Answer:** Objection. The documents requested contain privileged and confidential information that pertain to immigration detainees who are not parties to this lawsuit. Such information may include medical and psychiatric information of third parties. Such information may also contain information relevant to the security of the Northwest Detention Center, and its disclosure could compromise the integrity of the security of the facility. The documents requested are not relevant in that they pertain to incidents that occurred prior to, and form the basis of, the detainees' time in segregation. The document[sic] do not pertain to the detainees' time in segregation or the conditions of confinement. **Without waiving this objection, attached are copies of the Administrative Forms pertaining to Plaintiff.**

14. A copy of every I-887 prepared by any SMU Staff of ICE Staff for any person housed at SMU during the time of August 28, 2007 through October 24, 2007.

**Answer:** Objection. The documents requested contain privileged and confidential information that pertain to immigration detainees who are not parties to this lawsuit. Such information may include medical and psychiatric information of third parties. Such information may also contain information relevant to the security of the Northwest Detention Center, and its disclosure could compromise the integrity of the security of the facility. The documents requested are not relevant in that they pertain to incidents that occurred prior to, and form the basis of, the detainees' time in segregation. The document [sic] do not pertain to the detainees' time in segregation or the conditions of

confinement. **Without waiving this objection, attached are copies of the Administrative Forms pertaining to Plaintiff.**

15. A copy of every I-884 prepared by any staff at the NWDC.

**Answer:** Objection. The documents requested contain privileged and confidential information that pertain to immigration detainees who are not parties to this lawsuit. Such information may include medical and psychiatric information of third parties. Such information may also contain information relevant to the security of the Northwest Detention Center, and its disclosure could compromise the integrity of the security of the facility. The documents requested are not relevant in that they pertain to incidents that occurred prior to, and form the basis of, the detainees' time in segregation. The document [sic] do not pertain to the detainees' time in segregation or the conditions of confinement. **Without waiving this objection, attached are copies of the Administrative Forms pertaining to Plaintiff.**

(Dkt. # 43, pages 3 and 4).

1. <u>REPORTS</u>.

Requests for Production 6 and 10 address reports authored by staff. The parties use a number of acronyms, such as "IMS." The acronyms are not defined for the Court. Defendants aver that they have now supplemented their answer by redacting reports and providing limited information to the plaintiff (Dkt # 43, page 5). Defendants do not indicate if the additional response was made before or after the motion to compel was filed. Further, Defendants do not supply the court with a copy of the additional responses they claim to have provided. The failure to provide the information makes it impossible to review the current status of discovery.

Without reviewing the additional response made by defendants the court is not in a position to rule on plaintiff's motion with regards to the reports. The motion is DENIED WITHOUT PREJUDICE. Plaintiff may renew the motion if he feels the additional responses he has received are still inadequate. A copy of the additional responses must be provided to the court with that motion.

ORDER - 7

Defendants raise three objections to providing further information. Those objections are privacy, relevancy, and deliberative process (Dkt # 43, page 5). In the event Plaintiff chooses to file an additional motion to compel, Plaintiff should consider whether there is a legal and/or factual basis for such a motion.

The Court addresses the privacy argument first. Defendants object to the requests because the information sought contains medical and psychiatric information of third parties. Plaintiff argues that the defendants have waived any argument regarding privacy because they identified the detainees who were housed in segregation with him (Dkt. # 41, page 7). Plaintiff is in error. The right to privacy of this information is not the defendants' right to waive. The right belongs to the person to whom the record pertains. Additionally, merely identifying an individual does not waive privacy for all purposes.

Defendants also argue relevancy and state that the remainder of records sought do not pertain to the conditions of confinement regarding the persons involved (Dkt # 43, page 6). To the extent the request can be narrowed to include only information that may be relevant or lead to the discovery of relevant evidence, the Court will consider granting a motion to compel. But overbroad requests will not be considered favorably by the Court.

Finally, Defendants raise the privilege related to Plaintiff's deliberative process. To the extent that further answers disclose security information and the review of security measures, the objection is well taken. Defendants will not be required to disclose information that may provide such security information, which appears to be wholly irrelevant to Plaintiff's claims.

Hopefully, with this additional guidance, the parties will be able to address the remaining discovery issues without further court involvement. Plaintiff contends twelve people who were housed with him in segregation were mentally ill. He contends these detainees created

ORDER - 8

unconstitutional conditions of confinement (Dkt. # 4, page 1).  The actions of these twelve persons, and the facility's response in dealing with the conditions these persons may have created, are the central themes of this action.  Discovery requests unrelated to these claims are not relevant.

    2.    <u>The remaining requests for production</u>.

The remaining requests are for copies of forms. Plaintiff requests copies of all 1-883, 1-884, 1-885, 1-887, and 1-888 forms prepared by staff for persons housed in the "SMU" from August, 2007 through October , 2007.  The exact dates vary from request to request.

Neither party defines for the court the nature of the forms at issue.  Without this information, or copies of the forms, the Court is not in a position to properly evaluate either the motion to compel or the objection to the motion.  The motion is DENIED WITHOUT PREJUDICE.

The Clerk is directed to send plaintiff a copy of this order and remove Dkt. #41 from the court's calendar.

DATED this 5th day of May, 2009.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

ORDER - 9