UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

                    Plaintiff,

  v.

TOM GILES, *et al*.

                   Defendants.

No. 07-5572RJB/JRC

ORDER DENYING PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT AND COMPEL DISCOVERY

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff settled this action against all employees of the GEO Corporation who run the Northwest Detention Center. The only remaining defendants are federal employees. Before the Court are two motions filed by Plaintiff.

      The first motion, (Dkt. # 62), consists of a one-page letter from OSHA to David Jennings. There is no motion or request for Court action attached to this filing and the court will not

ORDER - 1

consider the filing. To the extent the filing was titled as a motion regarding discovery, the motion is DENIED.

The next motion, (Dkt. # 63), is a compound motion in which Mr. Marks asks that the Court stay consideration of the Defendant's pending Motion for Summary Judgment and also asks the Court to compel discovery including conducting an in camera review of reports, and other documents (Dkt. # 63).

A trial court has broad discretion regarding pre-trial matters such as discovery. United States v. Kitsap Physicians Service, 314 F.3d 995 (9th Cir. 2002). The standard of review for any decision made by the trial court is abuse of discretion. Id.

In May of this year, the Court entered an order granting in part and denying in part a motion to compel (Dkt. # 54). The Court ordered that certain missing pages from log books be provided to Mr. Marks. Those pages were provided. They were originally sent to the Northwest Detention Center after Mr. Marks had left the facility (Dkt. # 64). Mr. Marks had not filed a change of address with the Court and the defendants sent the material to the address on file, even though counsel was aware that Mr. Marks was no longer at that address. When Mr. Marks provided a new address on June 11, 2009, the documents were sent to him (Dkt. # 64).

In the May order the Court left open the possibility that Mr. Marks could renew certain motions to compel. Two of the items at issue were reports. These were request numbers 6 and 10. The requests are set forth below:

> 6. A complete copy of any, every, and all Reports written by any SMU Staff, any ICE Staff, regarding any incident at SMU during the times of August 24, 2007 through October 24, 2007.
>
> 10. A complete copy of every IMS Report written by any employee where the IMS was located in SMU during the period August 24, 2007 through October 24, 2007.

ORDER - 2

The Court stated:

1. <u>REPORTS</u>.

Requests for Production 6 and 10 address reports authored by staff. The parties use a number of acronyms, such as "IMS." The acronyms are not defined for the Court. Defendants aver that they have now supplemented their answer by redacting reports and providing limited information to the plaintiff (Dkt # 43, page 5). Defendants do not indicate if the additional response was made before or after the motion to compel was filed. Further, Defendants do not supply the court with a copy of the additional responses they claim to have provided. The failure to provide the information makes it impossible to review the current status of discovery.

Without reviewing the additional response made by defendants the court is not in a position to rule on plaintiff's motion with regards to the reports. The motion is DENIED WITHOUT PREJUDICE. Plaintiff may renew the motion if he feels the additional responses he has received are still inadequate. **A copy of the additional responses must be provided to the court with that motion**.

(Dkt. # 54, page 7)(Emphasis added). Mr. Marks renews his request, but provides only documents he submitted to the defendants, not the responses.

Mr. Marks also expands his requests and now asks the Court to review in camera:

All memos issued between August 24th, 2007 and October 18th, 2007 where the memo dealt with SMU.

All Incident Reports written by any employee of ICE or any employee of Geo[sic] where the incident occurred in SMU between September 24th, 2007, and October 18th, 2007.

All Supplemental Reports written by any employee of ICE or any employee of Geo[sic] where the incident occurred in SMU between September 24th, 2007, and October 18th, 2007.

All IMS reports written by all individual employees where the IMS took place in SMU between August 24th, 2007, and October 18th, 2007.

(Dkt. # 63, page 4).

Again, Mr. Marks does not define the acronyms he uses. The Court is left to guess the meaning of the acronym "IMS." In bringing his motion Mr. Marks had

ORDER - 3

ignored the Court's instructions. At some point, the Court is compelled to require that Mr. Marks comply with the Court's instructions and to prevent the unnecessary delay in ruling on defendants' motions.

The motion to compel further discovery and stay consideration of the pending Motion for Summary Judgment is DENIED.

To allow for a response, the Motion for Summary Judgment, (Dkt. # 60), is re-noted for September 18, 2009. Any response Mr. Marks wishes to file must be filed and served on or before September 4, 2009. Any reply must be filed and served on or before September 11, 2009.

The Clerk is directed to send plaintiff a copy of this order and remove Dkt. # 62 and 63 from the Court's calendar, and re-note Dkt. # 60 for September 18, 2009.

DATED this 24th day of August, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 4